82,958-01

Samuel Wade Dooley
TDCJ No. 1075237
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX   76597

Honorable Sharon Keller
Presiding Judge
Court of Criminal Appeals of Texas
201 W. 14th, Room 106
Austin, TX   78701

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 27 2015

April 21, 2015
Abel Acosta, Clerk

RE:   ADMINISTRATIVE CONCERN / MISFILED DOCUMENTS

Dear Presiding Judge Keller:

Thank you for taking a moment of your time to consider an administrative issue.  My concern is that the Clerk improperly filed some documents.  In my case, WR-82,958-01, I mailed this Court a Motion to Hold Writ Application in Abeyance for Applicant to Respond to New Allegations of Laches, along with some objections to the trial court's Order (Findings) which recommended that relief be denied.  However, the Clerk filed those documents all as one miscellaneous document on Feburary 24, 2015.

Because those documents were not individually filed, the Court never issued an independent ruling on the motion.  Thus, leaving one with the impression that the Court inadvertently failed to consider the motion (and objections) prior to denying relief in my case.  Could you please review the Court's internal file in my case and determine if the Court (ex. staff attorney) considered all the documents (motion & objections) that were filed as a single miscellaneous document on Feburary 24, 2015.

If the Court did consider all the documents, than at this time I guess there is nothing else for me to do.  However, if the Court inadvertently failed to consider all those documents,

could you please take corrective action.

With your leave, I will try and offer you a little further explanation; however, because relief was denied without a written order I'm left with speculations. Nevertheless, because the Court's notice did not mention the trial court's findings, it would appear that the Court rejected those findings. And, by implication, the Court held to the due date for my PDR being October 7, 2002, as established by this Court's internal docket sheet in No. PD-1250-02. See, Applicant's Exibit "K" (11/14/2002 - Remarks). That conclusion served to enhance my concern about the apparent inadvertent failure for there to be a ruling on the motion to abate for an opportunity to present evidence on the new allegations of laches.

It enhanced my concerns because when this Court altered and expanded its laches doctrine, it was pretty clear that applicants would be provided an opportunity to present evidence on new allegations raised about laches. Yet, that did not happen in my case. Leading to a conclusion that the Court did NOT deny relief because of laches in my case. And, if the Court had also rejected the trial court's finding about when my PDR was due -- it would really only leave one reason why relief could have been denied.

The only reason left could be that I failed to state a claim, that if true, would entitle me to relief. Yet, if the Court stood by the due date in its internal docket sheet for when my PDR was due, then I had a right to file my PRO SE motion for rehearing and the court of appeals had a duty to notify me when that court denied the motion for reheharing. Not to mention all the other actions I plead in my writ application that the court of appeals did to mislead me about the deadline to file my PDR. Could it

seriously not be a denial of due process if the court of appeals failed to notify me when that court denied my motion for rehearing (and if I did not otherwise learn of that denial in a timely manner) AND if the court of appeals otherwise misled me about the true deadline to file my PDR?

So, if that is a claim that, if true, would entitle me to relief, it leaves me wondering about the apparant inadvertent failure for there to be a separate ruling on the motion for a hearing on laches because that motion was not individually filed by the Clerk. Because if I plead an acceptable claim then the implication is that relief was denied because of laches. And, if the motion for a hearing on laches was inadvertently overlooked, it is also possible that the objections filed on February 24, 2015 were also overlooked.

While it is some speculation on my part, this is why I have asked for a moment of your time to review the Court's internal file in my case. If there was a problem due to the Clerk's filing everything as one miscellaneous document please, please take corrective action.

Again, thank YOU for your time and consideration.

Respectfully,

x _____
Samuel Wade Dooley
Applicant PRO SE

SWD/swd
cc: FILE